TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-10-00185-CR





Jose Benitez, Appellant

v.

The State of Texas, Appellee




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
NO. D-1-DC-10-200125, HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N
 
A jury found appellant Jose Benitez guilty of burglary of a habitation. See Tex.
Penal Code Ann. § 30.02 (West 2003). The district court assessed his punishment, enhanced by
two previous felony convictions, at forty years’ imprisonment. Appellant brings forward two points
of error urging that the evidence is legally and factually insufficient to support the guilty verdict. We
overrule these points and affirm the conviction.
When there is a challenge to the sufficiency of the evidence to sustain a criminal
conviction, the question presented is whether a rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979); 
Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000). All the evidence is reviewed in the light most favorable to the verdict; it
is assumed that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew
reasonable inferences in a manner that supports the verdict. Clayton, 234 S.W.3d at 778. The
Jackson standard is the only standard that a reviewing court should apply in determining whether the
evidence is sufficient to prove the defendant’s guilt beyond a reasonable doubt. Brooks v. State, 
No. PD-0210-09, 2010 Tex. Crim. App. LEXIS 1240 at *57 (Tex. Crim. App. Oct. 6, 2010). In
Brooks, the court of criminal appeals overruled all opinions holding that there is a second, factual
sufficiency standard for determining the sufficiency of the evidence. Id. Point of error two,
appellant’s factual sufficiency challenge, is therefore overruled.
On the morning of January 7, 2010, Dale Schneider looked out the back window of
his house and noticed a strange pickup truck parked at the residence of his neighbor,
Richard Palmertree. Schneider also saw two persons, one larger and one smaller, on the Palmertrees’
front porch. As Schneider watched, the larger individual walked around the Palmertree house to the
rear. Moments later, the front door opened and the larger person inside the house began handing
items to the smaller person, who placed them in the truck. Schneider called the police.
Deputy Stan Hibbs, one of several officers who responded to the call, arrived at the
Palmertree residence in about five minutes. Hibbs saw two suspects matching the descriptions he
had been given running away from the house. Hibbs removed the keys from the suspect pickup truck
and gave chase. Hibbs followed the suspects through fields behind the house and across two fences,
never losing sight of them. Other officers succeeded in capturing the larger suspect, identified as
appellant. Hibbs captured the smaller suspect, a woman named Chantel Nealy.
A rear window of the Palmertree house was found to be broken, and the interior of
the residence was in disarray. A jewelry box taken from the house was found along one of the fences
crossed by the suspects. Other property belonging to the Palmertrees was found in the pickup truck. 
Palmertree testified that his house had not been in this condition when he and his family left that
morning. He also testified that he did not know appellant or Nealy, and that neither of them had
permission to enter his house. The suspect truck was shown to be registered to appellant’s mother,
and the address on the vehicle registration was the same as the address on appellant’s state
identification card.
Appellant does not question the sufficiency of the evidence with respect to the
burglary itself, but he contends that he was not shown to be one of the burglars. He correctly notes
that Schneider did not identify him at trial, and he asserts that there is no other evidence placing him
inside the Palmertree residence. Appellant points out that the Palmertrees’ back window was broken
and appellant had a laceration on his hand when he was taken into custody, but no blood was found
on the broken window. Thus, there was no DNA evidence linking appellant to the burglary. In
addition, no effort was made to collect fingerprints at the scene. Schneider testified, however, that
he watched the two suspects until they fled upon the arrival of the police. The evidence establishes
that the larger of the fleeing suspects was appellant. Viewing all the evidence in the light most
favorable to the verdict, the jury could rationally conclude beyond a reasonable doubt that appellant
was the larger individual Schneider saw handing property from inside the Palmertree residence to
the accomplice who placed the stolen items in the pickup truck. Point of error one is overruled.
 

The judgment of conviction is affirmed.
 
 
                                                __________________________________________
                                                Jan P. Patterson, Justice
Before Chief Justice Jones, Justices Patterson and Henson
Affirmed
Filed: December 1, 2010
Do Not Publish